UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BANNER OF N.O., LLC ET AL.                    CIVIL ACTION

VERSUS                                         NO. 06-8201

COLONY INSURANCE COMPANY, ET AL.               SECTION B(1)

ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand And For Costs.  (Rec. Doc. No. 5).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED** in part and **DENIED** in part.

*BACKGROUND*

On or about August 29, 2005, Plaintiffs Banner of N.O., LLC d/b/a Banner Chevrolet, Gulf Coast Accessories, LLC. Banner Ford, LLC and Banner Imports, LLC d/b/a Banner Kia (collectively "Plaintiffs/Banner") sustained significant damage and loss to their businesses and commercial properties as a result of Hurricane Katrina.  Plaintiffs' Colony Insurance Company Policy was effective on August 29, 2005.

On August 25, 2006, Plaintiffs filed suit against Colony Insurance Company, Hibernia Insurance Agency, L.L.C., Capital One Insurance Agency, Inc. and Rowland Stalter in the Civil District Court for the Parish of Orleans.  Plaintiffs generally alleged the insurance policy was ambiguous and asserted claims of breach of

1

contract, breach of the implied covenant of good faith and fair dealing, negligence, and breach of fiduciary duties. Defendant Colony Insurance Company ("Colony") removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction.

Colony contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. Colony argues that the non-diverse insurance agency and agent, Hibernia Insurance Agency L.L.C. ("Hibernia"), Capital One Insurance Agency, Inc. ("Capital One"), and Rowland Statler ("Statler"), were improperly joined as defendants. Colony further contends that federal question jurisdiction exists under the Multiparty, Multiforum Trial Jursidiction Act (MMJTA) pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).

Plaintiffs contend Hibernia, Capital One and Statler were properly joined as Defendants, therefore, diversity of citizenship is destroyed. Further, Plaintiffs contend MMJTA is not applicable. Therefore, Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.

### DISCUSSION

A.  **Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. §

1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir.

3

2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Plaintiffs allege Hibernia, Capital One and Stalter (collectively "defendant insurance agents") are liable for negligence, breach of fiduciary duty, breach of contract, and other breaches of Louisiana law.

Defendant insurance agents first obtained Plaintiffs' insurance policy coverage in May of 2004 and subsequently obtained Plaintiffs' renewal policy in June of 2005. Colony contends Plaintiffs' claims against defendant insurance agents are perempted under Louisiana Revised Statute 9:5606. Thus, Colony claims defendant insurance agents are improperly joined.

La. Rev. Stat. Ann. § 9:5606 (2006) provides in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three

4

>years from the date of the alleged act, omission, or neglect.

Plaintiffs' claims are within the three year peremptive period. However, the determinative issue before the court is whether Plaintiffs should have discovered the alleged acts or omissions thereby implicating the one year peremptive period. Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions. *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006)(citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95).

In *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D.La. 2006), the court contemplated whether plaintiffs' non-diverse insurance agent was improperly joined as a defendant. Removing defendant proffered the argument that plaintiffs' claims against the insurance agent were perempted under Louisiana Revised Statute § 9:5606. *Id*. The Court noted that further factual development may establish that Plaintiffs reliance upon the agent to provide adequate insurance coverage may be well-founded and may excuse Plaintiffs failure to discover the alleged omission notwithstanding the policy language. Therefore, the Court held the claims against the agent had not perempted and the agent was not improperly joined.

Similarly, Plaintiffs allege the defendant insurance agents failed to procure adequate insurance. Without further factual

development regarding the basis for Plaintiffs reliance and whether or not their reliance was well founded, the Court cannot conclude that Plaintiffs have no possibility of recovery against the in-state defendants. Therefore, the Court finds the defendant insurance agents were not improperly joined.

**B.   Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

Colony contends jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B)considering: (1) Plaintiffs claims arose from Hurricane Katrina and (2)Colony was a defendant in multiple Katrina-related matters when the Notice of Removal was filed.

28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-
>
> (1)   a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2)   any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or

>       (3)   substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides:

> [A] defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident" requirement.[1]  Therefore, 28 U.S.C. §§ 1369 and

---

[1] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v.*

1441(e)(1) are inapplicable and jurisdiction does not exist. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

Finding that Defendant's basis for removal was reasonably objective, **IT IS FURTHER ORDERED** that Plaintiff's motion for costs is **DENIED**.

New Orleans, Louisiana this 6th day of December, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

*Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).